UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| IP86, LLC,<br><br>           Plaintiff,<br><br>v.<br><br>Keystone Group, Inc.,<br><br>           Defendant. | C.A. No.: _____<br><br><br>**COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

Plaintiff IP86, LLC ("IP86"), alleges the following against Keystone Group, Inc. ("Keystone"):

### JURISDICTION / VENUE

1. This is a case arising under the Copyright Act and the Architectural Works Copyright Protection Act of 1990 (the "AWCPA"), both codified at 17 U.S.C. §101, et seq. Pursuant to 28 U.S.C. §1338(a), this Court has exclusive jurisdiction over the subject matter of these claims.

2. Subject matter and personal jurisdiction is vested in this Court pursuant to 28 U.S.C. §1338. Additionally, this Court has subject matter jurisdiction under 28 U.S.C. §1331 inasmuch as this claim arises under the copyright laws of the United States.

3. Venue in this judicial district is proper pursuant to 28 U.S.C. §1400(a) because Keystone resides in and may be found in this district.

### PARTIES

4. IP86 is an Ohio limited liability company with its principal place of business in Dublin,

1

Ohio. IP86 is the successor in interest to Epcon Communities Franchising, Inc. ("Epcon") and the original authors of the copyrighted works at issue in this action.

5. Keystone is a North Carolina corporation with its principal place of business in Greensboro, North Carolina, and it will receive actual notice of this suit by service upon its Registered Agent, Scott Wallace, 3708 Alliance Drive, Greensboro, North Carolina, 27407.

## INTRODUCTORY FACTS

6. The business of IP86 and its predecessor in interest, Epcon, includes licensing architectural house designs to its franchisees. At all times relevant to this action, IP86 or Epcon has been the sole owner of all right, title and interest in and to the copyrights in certain architectural works and in the technical drawings depicting such works, as more fully detailed below, as well as the causes of action for infringement of such copyrights.

7. Such copyrights protect, inter alia, the designs of the architectural work known as the "Canterbury." Promotional drawings depicting this design are attached. For many years, Epcon and its franchisees marketed, constructed, and sold hundreds of "Canterbury" houses across the country. It is one of the most popular designs in adult living communities, and is widely recognized and well known in the industry.

8. Epcon had a franchise agreement with Greensboro Classic Living LLC that would have allowed this franchisee to construct, market, and sell houses based on the Canterbury design in a project near Greensboro, NC, known as Eagle Pointe West. However, Epcon's franchisee defaulted on its franchise agreement, and Epcon terminated it on or around July 19, 2007. Such termination also ended all permission to use any of Epcon's (now IP86's) intellectual property in connection with the Eagle Pointe West project.

9. Keystone subsequently acquired the Eagle Pointe West project, and has resumed construction and marketing of houses in it. However, Keystone did not acquire and does not have any license or permission to use any of IP86's intellectual property.

10. Keystone subsequently constructed and sold houses in Eagle Pointe West that are constructed from a design that Keystone calls the "Covington," which is an unlicensed and infringing copy and derivative of IP86's Canterbury design.

11. Keystone has also constructed and sold houses in other developments, including on information and belief, Friedberg Village and Villas at Eagle Pointe, from the unlawful and infringing "Covington" design or a variation thereof.

12. All houses constructed from the "Covington" or any copy of derivative of that design are themselves unlawful copies and derivatives of IP86's "Canterbury" design.

## WORKS AT ISSUE IN THIS CASE

13. IP86 has complied in all respects with Title 17 of the United States Code (Copyright Act of 1976), the Architectural Works Copyright Protection Act of 1990, and all other United States laws governing copyrights, and is the owner of the exclusive rights and privileges in and to the copyrights to the following architectural works and technical drawings:

| Copyright Registration | Work | Nature of Work |
|---|---|---|
| VA 698-779 | The Crossings at Windemere Project | technical drawings |
| VA 698-780 | The Crossings at Windemere Project | architectural work |
| VA 698-781 | Ranch Condominium Building / Fairway Palms II | technical drawings |
| VA 698-782 | Ranch Condominium Building / Fairway Palms II | architectural work |
| VA 1-325-015 | Condominium Building (Abbey / Canterbury) for Villas at Broadmere | technical drawings |
| VA 1-325-016 | Condominium Building (Abbey / Canterbury) for Cobblestone at the Preserve | technical drawings |

3

| VA 1-325-018 | Condominium Building (Canterbury / Abbey) for Maple Creek | technical drawings |
| VA 1-325-062 | Condominium Building (Canterbury) | architectural work |

14. These registrations cover the copyrights in the architectural works and technical drawings for house designs known as the Canterbury.

15. IP86 is the owner of valid copyrights in each of the works described above and the owner of all causes of action associated with infringements of those copyrights, and the copyrights in each such work have been registered with the United States Copyright Office. As such, Plaintiff's copyrights in the above-described works are presently valid and subsisting, were valid and subsisting from the moment of their creation, and all conditions precedent to the filing of this suit have occurred.

16. Keystone has constructed (or caused to be constructed) houses that are copies or derivatives of IP86's designs.

17. Keystone has sold or is currently marketing each houses constructed from its infringing copy of IP86's "Canterbury" design.

18. Keystone has also marketed these houses by reproducing copies and/or derivatives of IP86's "Canterbury" design in advertising, including internet advertising and, on information and belief, print advertising.

19. On information and belief, Keystone has also marketed the houses it constructed or caused to be constructed from its infringing copy of IP86's "Canterbury" design by using such houses as instrumentalities of advertising.

20. IP86 generally avers that all conditions precedent to its rights of recovery have occurred or have been performed.

# COUNT I:
# Copyright Infringement (Direct Infringement)

21. IP86 complains of Keystone for copyright infringement, and incorporates Paragraphs 1 – 20 by reference.

22. IP86 is the owner of valid copyrights in each of the works described above and the owner of all causes of action associated with infringements of those copyrights,, and the copyrights in each such work have been registered with the United Sates Copyright Office.

23. Keystone has violated IP86's exclusive rights by reproducing IP86's works in advertising and/or other marketing materials, including on the internet.

24. Keystone has violated IP86's exclusive rights by creating derivatives of IP86's works in advertising and/or other marketing materials, including on the internet.

25. Keystone has violated IP86's exclusive rights by distributing copies or derivatives of IP86's works in advertising and/or other marketing materials, including on the internet.

26. Keystone has violated IP86's exclusive rights by reproducing IP86's works in construction plans.

27. Keystone has violated IP86's exclusive rights by creating derivatives of IP86's works in construction plans.

28. Keystone has violated IP86's exclusive rights by distributing construction plans that are copies or derivatives of IP86's works.

29. Keystone has violated IP86's exclusive rights by reproducing IP86's works in constructed houses.

30. Keystone has violated IP86's exclusive rights by creating derivatives of IP86's works in constructed houses.

31. Keystone has violated IP86's exclusive rights by distributing by sale or rent constructed houses that are copies or derivatives of IP86's works.

32. Pursuant to 17 U.S.C. §504(b), IP86 is entitled to recover its actual damages from Keystone, plus damages in the form of all of Keystone's profits attributable to the infringements.

33. Alternatively, pursuant to 17 U.S.C. §504(c), IP86 is entitled to recover statutory damages for each of its respective works that have been infringed.

34. Pursuant to 17 U.S.C. §502, IP86 is entitled to preliminary and permanent injunctive relief against Keystone prohibiting any further copying, use, or distribution of any of the works described above.

35. Pursuant to 17 U.S.C. §503(b), IP86 is entitled to an order that all copies of the works described above that are found to have been made in violation of its exclusive rights be destroyed or otherwise removed from the stream of commerce.

36. IP86 is entitled to an award of its reasonable attorneys' fees, costs of court, and post-judgment interest at the highest legal rate.

## RELIEF SOUGHT

37. IP86 is entitled and seeks to recover its actual damages.

38. IP86 demands an accounting by Keystone of its activities in connection with its infringement of IP86's copyrights, as well as of the Keystone's gross receipts and income attributable to its infringement of same.

39. IP86 seeks recovery of damages in the form of all direct and indirect profits attributable to Keystone's infringements, including but not limited to such attributable to advertising,

land-development, and construction activities, pursuant to 17 U.S.C. §504(b).

40. Alternatively, because the plans were registered prior to the Keystone's infringement, IP86 is entitled to and seek recovery of statutory damages pursuant to 17 U.S.C. §504(c).

41. IP86 seeks recovery of its attorneys' fees and court costs.

42. IP86 also seeks to recover the professional fees and expenses of all expert witnesses it retains for the prosecution of this action.

## OTHER RELIEF REQUESTED & PRAYER

43. IP86 requests that Keystone, its agents, employees and/or servants be enjoined *pendente lite* and permanently from infringing its copyrights in any manner whatsoever, and from publishing through any visual media, and from selling, marketing or otherwise distributing the said plans;

44. IP86 requests that Keystone be required to deliver up, under oath, for impounding during the pendency of this action, and for destruction thereafter, all plans which infringe IP86's copyrights, including all photographs, blueprints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all other articles by means of which such infringing copies may be reproduced, which are in the possession of, or under the direct or indirect control of Keystone;

45. IP86 requests that there be an accounting of all gains, profits and advantages derived by Keystone as a result of the copyright infringements above-described; and

46. IP86 requests that it have such other and further relief as this court shall deem just and proper.

**PLAINTIFF RESPECTFULLY DEMANDS TRIAL BY JURY.**

Respectfully submitted,

s/ William M. Wilson
William M. Wilson (N.C. Bar No. 25764)
**L.R. 83.1 Counsel**
Wallace K. Lightsey (D.S.C. Id. No. 1037)
    (*Pro Hac Vice* application to be filed)
WYCHE P.A.
44 East Camperdown Way (29601)
Post Office Box 728
Greenville, South Carolina  29602-0728
Telephone:  (864) 242-8200
Facsimile:  (864) 235-8900
E-Mail:    bwilson@wyche.com
           wlightsey@wyche.com


Louis K. Bonham (Texas Bar No. 02597700)
    (*Pro Hac Vice* application to be filed)
OSHA LIANG L.L.P.
Two Houston Center
909 Fannin, Suite 3500
(512) 480-0667 (Telephone)
(713) 228-8778 (Facsimile)
Email: bonham@oshaliang.com


ATTORNEYS FOR PLAINTIFF

July 10, 2018

8